UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                                                            <u>DECISION AND ORDER</u>

                                                               09-CR-6147L

                              v.

NICHOLAS M. SKVARLA,

                               Defendant.
_____

       Defendant, Nicholas M. Skvarla ("Skvarla"), is charged with crimes relating to the possession of child pornography. This Court referred all pretrial matters and the resolution of motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Skvarla did file several motions, including a motion challenging the September 10, 2008, search warrant and a motion to suppress statements Skvarla made to law enforcement on September 11, 2008. Skvarla also moved to dismiss the superceding indictment (Dkt. #21).

       Magistrate Judge Feldman held a suppression hearing over several days and granted leave to file post hearing memoranda.

       Magistrate Judge Feldman issued two Reports and Recommendation. The first, (Dkt. #40), was filed October 29, 2010 and dealt with the motions to suppress relating to the statements of Skvarla and the validity of the search warrant. Magistrate Judge Feldman issued a second Report and Recommendation, (Dkt. #43), which was filed on November 30, 2010, and dealt solely with defendant's motion to dismiss the superceding indictment.

       The Magistrate Judge's recommendation as to all motions was that they should be denied.

       Skvarla timely filed objections to the both of the Reports (Dkt. #42, Dkt. #47). The matter is therefore before this Court for review.

I have reviewed the Magistrate Judge's thorough Reports and Recommendations, the defendant's objections, and the original motions and responses filed in the case. The transcripts of the suppression hearing have also been prepared and available for my review.

**REPORT AND RECOMMENDATION (Dkt. #40, filed October 29, 2010)**

In this Report and Recommendation of seventeen pages, Magistrate Judge Feldman dealt with Skvarla's motion to suppress statements made at his home and later at the Monroe County Sheriff's Office on September 11, 2008. He also ruled on defendant's motion to suppress evidence obtained pursuant to a search warrant issued by Monroe County Court Judge Alexander Renzi.

Concerning the statements, the Magistrate Judge summarized in some detail the facts surrounding Skvarla's contact with law enforcement officers on September 11, 2008. Magistrate Judge Feldman determined that defendant was not under arrest and was not "in custody" when he made his initial statements in his kitchen and, therefore, the lack of *Miranda* warnings did not preclude use of the statements. The Magistrate Judge clearly and fully discussed the relevant facts and the controlling legal authority. I agree with both and conclude as did the Magistrate Judge that when Skvarla had his initial contact with Sheriff deputies at his home, he was not under arrest, was not in custody and, therefore, *Miranda* rights need not have been given at that time.

The Magistrate Judge also determined that some statements of defendant, that were made after the *Miranda* warnings had been given, were voluntary and not coerced. I agree with that finding. Skvarla has failed to establish that Deputy David Kron misled him or made false promises to induce his statements. The Magistrate Judge discussed the evidence and reasonably concluded that defendant had failed to establish that his statements were involuntary because induced by false statements or promises. I see no reason to modify, alter or reject the Magistrate Judge's findings and his legal conclusion on this issue.

I also agree with the Magistrate Judge that Skvarla's challenge to the search warrant is without merit. The Magistrate Judge discussed the claim that the warrant application was based on

stale evidence and that the search of the computer was done in a forensic laboratory and not on premises. Magistrate Judge Feldman found nothing to warrant suppression. For the reasons advanced by the Magistrate Judge, the warrant appears entirely proper and there are no improprieties relative to obtaining the warrant or executing it.

**REPORT AND RECOMMENDATION (DKT. #43, FILED NOVEMBER 30, 2010)**

Finally, I see no basis to reject the Magistrate Judge's findings and recommendation as to this Report and Recommendation, which recommended denying the motion to suppress the superceding indictment. I agree with the Magistrate Judge that there is no basis to do that. The Magistrate Judge discussed Skvarla's arguments and based on the pertinent facts and the law concerning challenges to the sufficiency of indictments, he found no basis to dismiss. I agree.

**CONCLUSION**

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman (Dkt. #40) filed October 29, 2010, as well as the second Report and Recommendation (Dkt. #43) filed November 30, 2010.

It is, therefore, ordered that defendant's motion to dismiss the superceding indictment is denied as are defendant's motions to suppress statements and his motion to suppress evidence obtained pursuant to a search warrant.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 15, 2011.