UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,

**DECISION AND ORDER**
                              v.                                    09-CR-6147-A

NICHOLAS M. SKVARLA,

                                        Defendant.

═══════════════════════════════════

The defendant, Nicholas M. Skvarla, waived his right to a jury trial and agreed to be tried on stipulated facts on four counts of receipt and possession of child pornography in violation of 18 U.S.C. § 2252A (2006).  Defendant Skvarla has moved at the close of the United States' case for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure on the ground that evidence during his bench trial does not prove the commerce-based jurisdictional elements of the offenses.  Fed. R. Crim. P. 29(a).

Defendant Skvarla contends the Court must enter a judgment of acquittal on all four counts of receipt and possession of child pornography with which he is charged in a Superseding Indictment on the theory that a pre-October-2008 version of § 2252A, which applies to his charges, requires evidence that he downloaded pornographic visual depictions to his computer from an out-of-state location, and there is no such evidence.  The United States contends it has met its burden of proof on the jurisdictional element because the stipulated evidence establishes that

the original substantive content of the pornographic visual depictions copied onto the hard drive of the defendant's computer was produced outside New York State.  For Count 4 of the Superseding Indictment, which is the sole possession count, the United States contends proof the defendant produced pornographic visual depictions on his computer with a foreign-manufactured hard drive satisfies an alternative prong of the jurisdictional element.

For the reasons discussed below, the Court finds evidence that defendant Skvarla downloaded or copied files from any country or state onto his foreign-manufactured hard drive satisfies beyond a reasonable doubt the materials-in-commerce jurisdictional element of the possession violation of 18 U.S.C. § 2252A(a)(5)(B) alleged in Count 4 of the Superseding Indictment.  *See United States v. Ramos,* No. 10-4802-CR, 2012 WL 2520915, at *9-10 (2d Cir. July 2, 2012).  The Court further finds evidence the defendant received or possessed visual depictions of child pornography originally created in another country or state is sufficient to permit a rational trier of fact to find by the standard of beyond a reasonable doubt the visual depictions  "ha[ve] been mailed, or shipped or transported in interstate or foreign commerce by any means . . . "  as required by the traveled-in-commerce element of 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B).  The defendant's motion for a judgment of acquittal is therefore denied as to all counts in the Superseding Indictment.

**BACKGROUND**

During the bench trial of this case, the parties entered into evidence a stipulation of facts and law and defendant Skvarla supplemented the admissions and his reservations of rights in the stipulation during questioning under oath by the Court.  Dkt. No. 65.  Monroe County Sheriffs executed a search warrant for defendant Skvarla's residence located in New York State on September 11, 2008, and seized computer equipment containing child pornography.  The defendant also submitted to a videotaped interview at the Monroe County Sheriffs Office and admitted using peer-to-peer file-sharing software to find images of child pornography that he downloaded to his computer.

Among the items seized during execution of the search warrant at defendant Skvarla's residence was a computer hard drive containing image and video files. The hard drive was a Western Digital 120-gigabyte hard drive, serial number WMAL94609838, manufactured in Malaysia.

The Malaysian-manufactured computer hard drive seized from defendant Skvarla's residence in New York on September 8, 2008 contained more than three pornographic images and videos of a minor female from what is known as the "Jenny" series of images of child pornography.  The "Jenny" series, so-called to protect the true identity of the person depicted in the images and videos, were all produced in Michigan.

Defendant Skvarla admitted during his non-jury trial on February 15, 2012 more than three images and videos stored on his Malaysian-manufactured hard

drive were from the "Jenny" series and were identical copies of images originally produced in Michigan. He admitted he knew they were child pornography.

Computer equipment seized from defendant Skvarla's residence on September 11, 2008 was further examined.  The defendant admitted during his non-jury trial that he received an identical copy of a video from the "blue shirt girl" series of child pornography originally produced in France and that he received it from an unknown source using an internet connection and a peer-to-peer file-sharing program on his computer.  The defendant admitted he knew the video was child pornography when he received it.

Defendant Skvarla admitted during his non-jury trial that he received an identical copy of an image from the "Paraguay" series of images originally produced in Paraguay and that he received it from an unknown source using an internet connection and a peer-to-peer file-sharing program on his computer.  The defendant admitted that he knew the video was child pornography and that he received it knowing it was child pornography.

Defendant Skvarla admitted that he received an identical copy of an image from the "Sabban" series of images originally produced in Brazil and that he received it from an unknown source using an internet connection and a peer-to-peer file-sharing program on his computer.  The defendant admits he knew the video was child pornography and that he received the video knowing it was child pornography.

## DISCUSSION

The Court must deny defendant Skvarla's Rule 29 motion for a judgment of acquittal if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Pierce,* 224 F.3d 158, 164 (2d Cir. 2000) (emphasis in original; internal quotation marks omitted). The standard imposes a "heavy burden" upon a defendant. *United States v. Jackson,* 335 F.3d 170, 180 (2d Cir. 2003). The standard is the same for jury trials and bench trials alike. *See McCarthy v. N.Y. City Tech. College,* 202 F.3d 161,167 (2d Cir. 2000) (quoted with approval, *United States v. Pierce,* 224 F.3d 158, 164 (2d Cir. 2000)). In making its determination, the Court is to draw all permissible inferences in favor of the United States. *United States v. Desinor,* 525 F.3d 193, 203 (2d Cir. 2008). In the end, the Rule 29 motion must be denied if the Court concludes that the evidence and the reasonable inferences to be drawn from the evidence are sufficient to support a rational jury finding all the elements of the charged offense by the standard of beyond a reasonable doubt. *See United States v. Irving,* 682 F.Supp.2d 243, 264 n.14 (E.D.N.Y. 2010).

### A. Section 2252A(a)(5)(B)'s Materials-in-Commerce Element.

The jurisdictional element of Count 4 of the Superseding Indictment, the possession count, may be satisfied in one of two distinct ways. 18 U.S.C. § 2252A(a)(5)(B). The United States must prove beyond a reasonable doubt either: (1) the image and video files found on defendant Skvarla's hard drive "ha[ve] been mailed, or shipped or transported in interstate or foreign commerce by any means,

5

including by computer" (the "traveled-in-commerce element") or, alternatively;  (2)

the image and video files were "produced using materials that have been mailed, or

shipped or transported in interstate or foreign commerce by any means, including by

computer"  (the "materials-in-commerce element").  *Id.*  The defendant disputes that

the United States has met its burden as to either prong of the jurisdictional element

and also asserts that the United States surrendered the materials-in-commerce

theory of prosecution before a Magistrate Judge during a pretrial appearance.

In *United States v. Ramos,* No. 10-4802-CR, 2012 WL 2520915 (2d Cir. July

2, 2012), the Second Circuit recently held that:

> the act of using computer equipment manufactured outside
> the United States to produce child pornography meets the
> [materials-in-commerce  prong  of  the]  jurisdictional
> requirement of § 2252A(a)(5)(B).

*Id. at* *9.  It is undisputed that defendant Skvarla knowingly possessed more than

three images and videos that were part of the "Jenny" series of child pornography on

his Malaysian-manufactured hard drive and that the defendant knew that the images

and videos were child pornography when he possessed them.

However, whether proof of  "mere copying or downloading of an image is

'production"  for § 2252A(a)(5)(B) purposes remains an open question in this Circuit.

*Ramos,* 2012 WL 2520915, at *9 n.10.  The parties' stipulation is silent whether the

visual depictions of child pornography defendant Skvarla possessed on his

Malaysian-manufactured hard drive that is the subject of Count 4 were either

downloaded or copied to the defendant's hard drive.  The Court therefore must

address whether proof the defendant either copied or downloaded child pornography onto his computer hard drive manufactured abroad constitutes "production" such that the materials-in-commerce prong of § 2252A(a)(5)(B) may be satisfied.

Title 18 U.S.C. § 2256(3) defines "producing" as "producing, directing, manufacturing, issuing, publishing, or advertising." The definition shows that Congress intended the term to be given a broad reading "to cover a wider range of conduct that merely initial production." *United States v. Dickson,* 632 F.3d 186 (5th Cir. 2011) (uploading child pornography images from a CD that traveled in interstate commerce met the materials-in-commerce element of § 2252(a)(4)(B)). There is agreement among circuit courts that the act of downloading or copying images of child pornography onto a computer hard drive or other electronic storage medium is "production" for purposes of § 2252A(a)(5)(B). *See, e.g., United States v. Schene,* 543 F.3d 627, 638-39 (10th Cir. 2008) (copying or downloading images to a computer hard drive constitutes "production" under § 2252A(a)(5)(B)); *United States v. Anderson,* 280 F.3d 1121, 1123-25 (7th Cir. 2002) (same); *United States v. Guagliardo,* 278 F.3d 868, 871 (9th Cir. 2002) (copying child pornography onto computer diskettes is "production" under § 2252A(a)(5)(B)).

Defendant Skvarla points to no contrary authority concluding that copying or downloading visual depictions of child pornography is not "production" for purposes of 18 U.S.C. § 2252A(a)(5)(B). The Court agrees with the well-reasoned authority in other circuits. Accordingly, the Court finds the undisputed evidence that the data

comprising the visual depictions of child pornography on the defendant's Malaysian-manufactured hard drive to be sufficient proof for any reasonable trier of fact to conclude by a standard beyond a reasonable doubt that the visual depictions of child pornography on the hard drive were produced using computer equipment manufactured outside the United States.

Defendant Skvarla does argue that the United States surrendered the materials-in-commerce prong of the jurisdictional hook for the possession charge in Court 4 of the Superseding Indictment during colloquy before a Magistrate Judge at a pre-trial conference more than two years ago.  The defendant suggests that the United States represented both to defendant's counsel and to the Magistrate Judge that it would not seek to prove Count 4 under a materials-in-commerce theory, where proof the defendant downloaded or copied child pornography onto a foreign-made hard drive would satisfy the statute's jurisdictional hook.  The defendant directs the Court's attention to the transcript of a pre-trial exchange between the Assistant United States Attorney and the defendant's counsel, which exchange the defendant would have the Court interpret as a waiver by the United States of the materials-in-commerce theory.  Having reviewed the transcript submitted in connection with the motion and the parties' arguments, the Court disagrees that any waiver or that a material misrepresentation of the United States' theory of prosecution took place.

Specifically, on April 5, 2010, the parties appeared before a Magistrate Judge to address certain discovery and other pretrial issues.  Defendant Skvarla's counsel,

8

seemingly confused by § 2252A(a)(5)(B)'s two jurisdictional hooks, suggested the United States was charging the defendant with making child pornography.  The Assistant U.S. Attorney seemingly attempted to reassure the defendant's counsel by explaining that § 2252A(a)(5)(B)'s jurisdictional element could be satisfied in two distinct ways.  The transcript indicates the United States explained the mechanics of the possession charge in response to the defendant's suggestions of impermissible duplicity and to make the point that the defendant was not being charged with making child pornography.

If defendant Skvarla's argument is an attempt to revive his long-since resolved duplicity challenge, the result certainly remains the same now.  Count 4 of the Superseding Indictment is duplicitous only if  "it joins two or more distinct crimes in a single count." *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992).  The duplicity prohibition protects  "a defendant's rights to notice of the charge against him [or her], to a unanimous verdict, to appropriate sentencing[,] and to protection against double jeopardy in a subsequent prosecution." *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980).  However, "the allegation in a single count of the commission of a crime by several means is distinguished from the allegation of several offenses in the same count." *Id.*  Where a single offense may be committed by multiple means, an indictment setting forth in the conjunctive each alternative means is not duplicitous.  *See United States v. Viserto*, 596 F.2d 531, 538-39 (2d Cir. 1979).

Count 4 of the Superseding Indictment identifies the statute charged, sets forth the essential elements of the offense, including both of the alternative materials-in-commerce and traveled-in-commerce means of proving the jurisdictional element.  The parties' stipulation contemplates that the United States will seek to satisfy its jurisdictional burden on the possession count by showing the visual depictions of child pornography on defendant Skvarla's hard drive were "produced" using materials that had moved in interstate or foreign commerce.  The defendant stipulates both that the images on his computer hard drive originated outside of New York State, in Michigan, and that the hard drive itself was manufactured abroad, in Malaysia.  The defendant's stipulation to facts underlying either of the United States' alternative jurisdictional theories undermines any claim of a prejudicial lack of notice or confusion about the United States' theory.  *See, e.g., United States v. Kincaid,* 571 F.3d 648, 656 (7th Cir. 2009)  (rejecting a duplicity claim under 18 U.S.C. § 2251(a) where defendant stipulated to evidence supporting alternative means of proving the statute's jurisdictional element).

**B.  Section 2252A's Traveled-in-Commerce Element.**

The version of 18 U.S.C. § 2252A in effect prior to October 8, 2008 punished any person who  "knowingly receive[d] or distribute[d] any child pornography that ha[d] been mailed, or shipped or transported in interstate or foreign commerce by any means . . . ," 18 U.S.C. § 2252A(a)(2)(A) (2006) (amended 2008), or who "knowingly possesse[d] any book, magazine . . . computer disk, or any other material that contains an image of child pornography that ha[d] been mailed, or

shipped or transported in interstate or foreign commerce by any means . . . ." *Id.*
§ 2252A(a)(5)(B).

Relying on a dissent from a Tenth Circuit case, *United States v. Sturm,* 672
F.3d 891 (10th Cir. 2012) (en banc), defendant Skvarla contends the United States
cannot satisfy 18 U.S.C. § 2252A's traveled-in-commerce jurisdictional element
absent proof the specific downloaded image and video files received by him and
found on his hard drive came directly from an out-of-state location.   The issue is
whether proof a visual depiction of child pornography was originally created in
another state or country suffices to permit a rational trier of fact to find the visual
depiction  "has been mailed, or shipped or transported in interstate or foreign
commerce"  as required by § 2252A.

Beginning with the language of the statute, the traveled-in-commerce
jurisdictional elements refer to actions at unspecified earlier times, with the present
perfect tense "has been".   18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B).   The U.S.
Supreme Court has interpreted analogous constructions as indicating the
jurisdictional element is satisfied where the interstate or foreign movement of a
proscribed item is completed before the defendant takes possession of the item.
*See Barrett v. United States,* 423 U.S. 212, 216 (1976).

Interpreting a federal gun law with similarly-phrased jurisdictional language,
the *Barrett* Court held the statute at issue  "contain[ed] no limitation to a receipt [of
prohibited firearms] which itself is part of the interstate movement."  *Id.*
Consequently, the statute's jurisdictional element was met where a firearm was

shown to have moved in interstate commerce before the defendant's wholly intrastate purchase. *Id.*

Here, following *Barrett,* the United States need not prove the visual depictions on defendant Skvarla's hard drive moved in interstate or foreign commerce when the defendant downloaded them using his peer-to-peer file-sharing program; it is enough to show the visual depictions moved in interstate or foreign commerce at any point prior to and including the moment the defendant saved them to his hard drive. *See United States v. Lynn,* 636 F.3d 1127, 1133 (9th Cir. 2011) (holding proof images of child pornography possessed by a defendant originated out of state satisfied § 2252's jurisdictional element); *United States v. Swenson,* 335 F. App'x 751, 753-54 (10th Cir. 2010) (holding evidence images of child pornography were originally created out of state satisfied § 2252A's jurisdictional element); *United States v. Mellies,* 329 F. App'x  592,606 (6th Cir. 2009) (same).

*Barrett* does not wholly resolve the issue.  Defendant Skvarla has argued, essentially, that one does not make duplicates of a gun.  That is, the Massachusetts-made gun in *Barrett* was undeniably the same gun that was shipped to a distributor in North Carolina and then to a store in Kentucky.  See *Barrett,* 423 U.S. at 213-14. If the defendant's argument regarding the visual depictions of child pornography in this case is to have any substance, it must be because the data files he admittedly downloaded are different from the original or source images—not because the content has changed (it has not), but because the files may be wholly new versions

12

of the original source images.  It is the only way the defendant's argument may have substance.  *See Sturm,* 672 F.3d 891, 902-908 (Holmes, J. dissenting).

The question defendant Skvarla raises is whether 18 U.S.C. § 2252A requires copies be treated differently from original or source images.  At the time the defendant committed the acts charged in the Superseding Indictment, § 2256(8) defined  "child pornography"  as  "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture . . . ," where  "the production of [the] visual depiction involves the use of a minor engaging in sexually explicit conduct; [or] such . . . depiction is a digital image  . . . or computer-generated image that is . . . that of a minor engaging in sexually explicit conduct."  Given this definition, only production of the original image involved  "use of a minor engaging in sexually explicit conduct."  Yet because  "visual depiction" also encompasses digital or computer-generated images of children engaging in sexually explicit acts, the statutory definition of child pornography extends both to original images and to digital copies of the original images.  And since digital copies of a source image fall under the definition of child pornography for the purposes of § 2252A, it must be because Congress, finding the content objectionable, chose to criminalize the copies' offending content regardless of the precise form the copies took.  *See Lynn, 636* F.3d at 1135 (a "visual depiction" may be captured by, but still exist independently of, a particular format).

The pre-October-2008 version of the statute further defined the term "visual depiction" as  "includ[ing] . . . data stored on computer disk or by electronic means

which is capable of conversion into a visual image." 18 U.S.C. § 2256(5).  The statute therefore makes clear a  "visual depiction"  may be a digital image, and that a digital image constitutes child pornography where the content of the image depicts a minor engaging in sexually explicit conduct.  18 U.S.C. § 2265(8).  It is this content that may be stored  "by electronic means." § 2256(5).

It requires no great effort to envision a scenario where original pornographic images are captured digitally, stored on a hard drive or server, and then disseminated via email or some similar mode of data transfer. The nature of the transmission of digital files is such that, in essence, each transfer of data creates a new iteration.  *See United States v. Guagliardo,* 278 F.3d 868, 870-71 (9th Cir. 2002) ("When the file containing the image is copied onto a disk, the original is left intact and a new image is created . . . . ").  In light of this reality, there is no principled way to distinguish between a digital file emailed from its source in Michigan, then to New York, and then to defendant Skvarla in New York, from the same digital file produced in Michigan and downloaded directly to the defendant's hard drive in New York.  Each scenario requires, by the act of digital retransmission itself, the creation of copies based on an original or source image and data, and each scenario involves the transfer of offending content from one state to another. Just like the .32-caliber Smith & Wesson in Barrett, what moved interstate, and what Congress controls, is the substantive content of the visual depictions of child pornography.

14

The legislative history of the federal child pornography statutes supports reading  "visual depiction" in this way.  When Congress enacted the Child Pornography Prevention Act of 1996 ("CPPA"), adding § 2252A to Title 18 of the United States Code, it found  "child pornography permanently records the victim's abuse,"  thus  "caus[ing] the child victims of sexual abuse continuing harm  . . . ."  Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121,110 Stat. 3009-26.   When Congress promulgated the PROTECT Act of 2003, it did so in part based on a finding that  "[c]hild pornography circulating on the [i]nternet has . . . been digitally uploaded or scanned into computers and . . . transferred over the [i]nternet, often in different file formats, from trafficker to trafficker.  An image seized from a collector . . . is rarely a first-generation product . . . ."  PROTECT Act of 2003, Pub. L. No. 108-21, § 501(8), 117 Stat. 650, 677.  Congress was aware, as it wrote and subsequently amended the CPPA, of the threat posed by the ready reproducibility of child pornography.  Congress intended the CPPA to extend to computer-generated or digital files; § 2252A includes visual depictions that have moved in interstate or foreign commerce by any means, *including by computer.*  It makes no sense that, at some point in the chain of reproduction and retransmission that brought the raw data comprising the images to defendant Skvarla's hard drive, the act of reproduction itself severed the substantive link between the identical copies and the source images.  The Court will not adopt an interpretation of the law that exalts the mere form of transmission of an image of child pornography over the image's criminal content.

15

While the Second Circuit has not directly addressed this issue, other circuits have held the content is what counts for the purposes of § 2252A.  In *United States v. Sturm,* the Tenth Circuit determined a "visual depiction" is "the substantive content of an image depicting a minor engaging in sexually explicit conduct rather than the specific medium or transmission used to view, store, receive, or distribute that content."  *United States v. Sturm,* 672 F.3d 881, 901 (10th Cir. 2012).  The United States may meet its jurisdictional burden, the court hypothesized, by  "introducing evidence from which a reasonable jury could conclude the substance of an image of child pornography was made in a state and/or country other than the one in which the defendant resides."  *Id.* at 901-02. In the case at bar, the United States' proof demonstrates, and Skvarla admits, the substantive content of the images and videos found on the defendant's hard drive originated either abroad or out of state.  While the parties' stipulation neglects to state the defendant's address in New York State, the Court draws the rational inference from the stipulation and the testimony during the bench trial that the visual depictions on the defendant's hard drive crossed national boundaries at some point before the defendant downloaded them to his computer, for Counts 1 through 3 of the Superseding Indictment, or before the defendant either downloaded or copied the Michigan-originating image to his computer for Count 4 of the Superseding Indictment.[1]  In so doing, the Court's decision is in keeping with persuasive

---

[1]  That the parties' stipulation does not explicitly state where defendant Skvarla's residence was located and where his computer equipment was located suggests that the Second Circuit's repeated and harsh admonitions to prosecutors to pay attention to the simple details of proving

decisional law in this Circuit and elsewhere.  *See*, *United States v. Anson,* No. 07-0377-CR, 2008 WL 4585338, at *5 (2d Cir. Oct. 15, 2008) (holding proof a defendant downloaded child pornography from the internet satisfied the jurisdictional element of § 2252A); *United States v. Pomerico,* No. 06 CR 113, 2008 WL 4469465, at *2-3 (E.D.N.Y. Oct 3, 2008) (same).

## CONCLUSION

For all of the foregoing reasons, defendant Skvarla's Rule 29 motion is denied in all respects.  The parties shall appear on Monday, August 13, 2012 at 1:00 p.m., for presentation of the defendant's case, if any.

SO ORDERED.

*s/ Richard J. Arcara*
_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 10, 2012

---

interstate-commerce jurisdictional elements continue to fall on deaf ears.  *See, e.g. United States v. Riggi,* 541 F.3d 94, 111 (2d Cir. 2008) (quoting *United States v. Leslie*, 103 F.3d 1093, 1103 (2d Cir. 1997)).