UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                      **DECISION AND ORDER**
       v.                                                  09-CR-6147-A

NICHOLAS M. SKVARLA,

                         Defendant.

      The defendant, Nicholas M. Skvarla, was charged in a four-count Superseding Indictment with receipt, distribution and possession of child pornography in violation of Title 18, United States Code, §§ 2252A(a)(2)(A) and 2252A(a)(5)(B) (2006), as well as a forfeiture allegation.  After a bench trial on February 15 and August 14, 2012, the Court took the case under advisement.  The Court has orally rendered verdicts in open court find defendant Skvarla guilty of each count, and findings and conclusions of the Court are set forth below.

## INTRODUCTION

      On February 15, 2012, the Court accepted defendant Skvarla's waiver of his right to trial by a jury and began a bench trial.  The Court received a Stipulation between the parties agreeing to certain facts, and to the legal sufficiency of the facts to prove all but interstate or foreign commerce elements of the four crimes with which defendant was charged in the Superseding Indictment.

      After the United States rested, defendant Skvarla moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a).  Defendant argued that the government

did not introduce legally sufficient evidence to prove the interstate or foreign commerce elements of each of the crimes by proof beyond a reasonable doubt. Defendant argued that the pre-October 2008 version of § 2252A he was charged with violating required proof that, when he downloaded visual depictions of minors engaged in sexually-explicit conduct to his computer, he did so from a specific out-of-state location, and that the government had introduced no such evidence against him[1].

Defendant Skvarla's Rule 29 motion was briefed and was argued August 1, 2012. The Court denied the motion in a Decision and Order docketed August 10, 2012.

## BACKGROUND

Monroe County Sheriffs executed a search warrant for defendant Skvarla's residence located in Rochester, New York, on September 11, 2008, and seized computer equipment containing child pornography. Among the items seized during execution of the search warrant at defendant Skvarla's residence on September 8, 2008 were a computer hard drive and related components containing image and video files. The hard drive was a Western Digital 120-gigabyte hard drive, serial number WMAL94609838, manufactured in Malaysia. The defendant admitted during a videotaped interview at the Monroe County Sheriffs Office to using peer-to-peer file-sharing software to find images of child pornography that he downloaded to

---

[1] Defendant had been relying upon case law support the argument that was overruled shortly after his bench trial began. *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007), *overruled by United States v. Sturm*, 672 F.3d 891 (10th Cir. 2012) (*en banc*).

2

his computer.

Defendant Skvarla admitted during his non-jury trial on February 15, 2012 that he received an identical copy of a video from what is known as the "blue shirt girl" series of child pornography, so-called to protect the true identity of a minor-aged person depicted in the video, that was originally produced in France, and that he received the video from an unknown source using an internet connection and a peer-to-peer file-sharing program on his computer.  The defendant admitted he knew the video was child pornography when he received it.

Defendant Skvarla also admitted that he received an identical copy of an image from the so-called "Paraguay" series of images originally produced in Paraguay, and that he received the image from an unknown source using an internet connection and a peer-to-peer file-sharing program on his computer.  The defendant admitted that he knew the image was child pornography and that he received it knowing it was child pornography.

Defendant Skvarla further admitted that he received an identical copy of an image from the "Sabban" series of images originally produced in Brazil and that he received it from an unknown source using an internet connection and a peer-to-peer file-sharing program on his computer.  The defendant admitted he knew the image was child pornography and that he received the image knowing it was child pornography.

The Malaysian-manufactured computer hard drive seized from defendant Skvarla's residence on September 8, 2008 contained more than three pornographic

3

images and videos of a minor female from what is known as the "Jenny" series of images of child pornography. Defendant Skvarla admitted the "Jenny" series materials he possessed were all produced in Michigan and that he knew they were child pornography when he possessed them.

## COUNT 1

On the charge that the defendant, Nicholas M. Skvarla, received child pornography in violation of Title 18, United States Code, § 2252A(a)(2)(A), as specifically alleged in Count 1 of the Superseding Indictment, the Court found the defendant guilty. The elements of this offense stipulated to and proven by the United States beyond a reasonable doubt are as follows:

> First, that the defendant knowingly received or distributed child pornography, as that term is defined in Title 18, United States Code, Section 2256(8);
>
> Second, such child pornography or material containing child pornography had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer;
>
> Third, that the defendant knew that such child pornography or material containing child pornography constituted child pornography, as that term is defined in Title 18, United States Code, Section 2256(8).

On or about September 11, 2007, defendant Skvarla knowingly received a copy of a video file entitled "(Pthc)Threesome - (9yo Girl & 10yo Boy & 15yo Boy) .mpg," a copy of which was part of Exhibit 1 to the parties' Stipulation. That video file is a visual depiction, the production of which involved the use of a minor under the age of eighteen engaged in sexually explicit conduct, that portrays a minor engaged in such conduct,

4

and that constitutes child pornography as that term is defined in Title 18, United States Code, Section 2256(8). Defendant knowingly received a copy of this video file and visual depiction from an unknown source using an internet connection and a peer-to-peer file-sharing software program.

The video file and visual depiction defendant Skvarla knowingly received in the Western District of New York on or about September 11, 2007, entitled "(Pthc)Threesome - (9yo Girl & 10yo Boy & 15yo Boy) .mpg," a copy of which was part of Exhibit 1 to the parties' Stipulation, depicts three minor individuals and was originally produced in France, outside New York State. Defendant knew, at the time he received a copy of this video file and visual depiction that it was child pornography as that term is defined in Title 18, United States Code, Section 2256(8).

## COUNT 2

On the charge that the defendant, Nicholas M. Skvarla, received child pornography in violation of Title 18, United States Code, § 2252A(a)(2)(A), as specifically alleged in Count 2 of the Superseding Indictment, the Court found the defendant guilty. The elements of this offense stipulated to and proven by the United States beyond a reasonable doubt are as follows:

> First, that the defendant knowingly received or distributed child pornography, as that term is defined in Title 18, United States Code, Section 2256(8);
>
> Second, such child pornography or material containing child pornography had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer;

> Third, that the defendant knew that such child pornography or material containing child pornography constituted child pornography, as that term is defined in Title 18, United States Code, Section 2256(8).

On or about May 9, 2008, defendant Skvarla knowingly received a copy of an image file entitled "Dh78.jpg," a copy of which was part of Exhibit 1 to the parties' Stipulation. That image file is a visual depiction, the production of which involved the use of a minor under the age of eighteen engaged in sexually explicit conduct, that portrays a minor engaged in such conduct, and that constitutes child pornography as that term is defined in Title 18, United States Code, Section 2256(8). Defendant knowingly received a copy of this image file and visual depiction from an unknown source using an internet connection and a peer-to-peer file-sharing software program.

The image file and visual depiction defendant Skvarla knowingly received in the Western District of New York on or about May 9, 2008, entitled "Dh78.jpg," a copy of which was part of Exhibit 1 to the parties' Stipulation, depicts a minor female and was originally produced in the country of Paraguay, outside New York State. Defendant knew, at the time he received a copy of this image file and visual depiction that it was child pornography as that term is defined in Title 18, United States Code, Section 2256(8).

## COUNT 3

On the charge that the defendant, Nicholas M. Skvarla, received child pornography in violation of Title 18, United States Code, § 2252A(a)(2)(A), as

specifically alleged in Count 3 of the Superseding Indictment, the Court found the defendant guilty. The elements of this offense stipulated to and proven by the United States beyond a reasonable doubt are as follows:

> First, that the defendant knowingly received or distributed child pornography, as that term is defined in Title 18, United States Code, Section 2256(8);
>
> Second, such child pornography or material containing child pornography had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer;
>
> Third, that the defendant knew that such child pornography or material containing child pornography constituted child pornography, as that term is defined in Title 18, United States Code, Section 2256(8).

On or about April 2, 2006, defendant Skvarla knowingly received a copy of an image file entitled "!!!pedo-lolitas.2 niños follando 1 niña . . . . . Young- 16.jpg," a copy of which was part of Exhibit 1 to the parties' Stipulation. That image file is a visual depiction, the production of which involved the use of a minor under the age of eighteen engaged in sexually explicit conduct, that portrays a minor engaged in such conduct, and that constitutes child pornography as that term is defined in Title 18, United States Code, Section 2256(8). Defendant knowingly received a copy of this image file and visual depiction from an unknown source using an internet connection and a peer-to-peer file-sharing software program.

The image file and visual depiction defendant Skvarla knowingly received in the Western District of New York on or about April 2, 2006, entitled "!!!pedo-lolitas.2 niños follando 1 niña . . . . . Young- 16.jpg," a copy of which was part of Exhibit 1 to

the parties' Stipulation, depicts three minor individuals and was originally produced in Brazil, outside New York State.  Defendant knew, at the time he received a copy of this image file and visual depiction that it was child pornography as that term is defined in Title 18, United States Code, Section 2256(8).

### COUNT 4

On the charge that the defendant, Nicholas M. Skvarla, possessed child pornography in violation of Title 18, United States Code, § 2252A(a)(2)(B), as is specifically alleged in Count 4 of the Superseding Indictment, the Court found the defendant guilty.  The elements of this offense stipulated to and proven by the United States beyond a reasonable doubt are as follows:

> First, that the defendant knowingly possessed child pornography, as that term is defined in Title 18, United States Code, Section 2256(8);
>
> Second, such child pornography or material containing child pornography had been transported in interstate or foreign commerce by any means, including by computer, or had been produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer;
>
> Third, that the defendant knew that such child pornography or material containing child pornography constituted child pornography, as that term is defined in Title 18, United States Code, Section 2256(8).

On or about September 11, 2008, in the Western District of New York, defendant Skvarla possessed a generic brand desktop computer with a Western Digital 120 GB hard drive, bearing serial number WMAL94609838.  More than three images and videos that were on the Western Digital 120 GB hard drive (serial

number WMAL94609838), including copies of video and image files entitled "Pthc Ptsc 9Yo Jenny "Sucking Doggie Cock And Loving It Email Request at Shortgrup09@yahoo.avi.", "Dh94.jpg", and "Pthc- Jenny 9yo Daughter-Zoo 5yo Girl Dog and Man 2007 -Se- .avi.jpg", that were part of Exhibit 1 to the parties' Stipulation. These video and image files are visual depictions of a minor female that were originally produced in Michigan, outside New York State.  The Western Digital 120 GB hard drive bearing serial number WMAL94609838 was manufactured in Malaysia, outside New York State, and was used for execution of a Windows XP operating system and common applications.

      The three images and videos entitled "Pthc Ptsc 9Yo Jenny "Sucking Doggie Cock And Loving It Email Request at Shortgrup09@yahoo.avi.", "Dh94.jpg", and "Pthc- Jenny 9yo Daughter-Zoo 5yo Girl Dog and Man 2007 -Se- .avi.jpg", that were part of Exhibit 1 to the parties' Stipulation, are visual depictions, the production of which involved the use of a minor under the age of eighteen engaged in sexually explicit conduct, that portrays a minor engaged in such conduct, and that constitutes child pornography as that term is defined in Title 18, United States Code, Section 2256(8).  Defendant Skvarla knew, at the time he possessed copies of these video and image files, and visual depictions, that they were child pornography as that term is defined in Title 18, United States Code, Section 2256(8).

## CONCLUSION

The Clerk shall record this Decision and Order as the verdict of the Court as to Counts 1 through 4 of the Superseding Indictment.[2]  Sentencing is scheduled for May 28, 2015 at 12:30 p.m.  The defendant, Nicholas M. Skvarla, is remanded to custody of the U.S. Marshals Service pending sentencing.

**SO ORDERED**.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   February 20, 2015

---

[2]   Neither party timely requested pursuant to Fed. R. Crim. P. 23(c) that the Court state specific findings of fact. *See United States v. Alameh*, 341 F.3d 167, 175-76 (2d Cir. 2003).