**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

NICHOLAS SKVARLA,

                Petitioner,

      v.                                                18-CV-6241-A
                                                          09-CR-6147-A

UNITED STATES OF AMERICA,              **DECISION AND ORDER**

                Respondent.
_____

      Petitioner Nicholas Skvarla seeks relief pursuant to 28 U.S.C. § 2255. The Government moves to dismiss Skvarla's motion. *See* Docket No. 148. For the reasons stated below, the Government's motion is granted, and Skvarla's § 2255 motion is dismissed as untimely.

## DISCUSSION

      After a bench trial, Skvarla was convicted of three counts of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and § 2252A(b)(1); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(b)(2). The Second Circuit affirmed Skvarla's convictions. *See* 673 F. App'x 111 (2d Cir. 2016). The Supreme Court then denied Skvarla's petition for a writ of *certiorari* on February 21, 2017 (*see* 137 S. Ct. 1119 (2017)), and the Court denied Skvarla's motion for rehearing on April 17, 2017. *See* 137 S. Ct. 1619 (2017).

Skvarla filed his § 2255 motion on March 15, 2018,[1] more than one year after the Supreme Court denied *certiorari*, but less than one year after the Court denied rehearing. *See* Docket No. 142.

This Court then directed Skvarla to show cause why his § 2255 motion should not be dismissed as untimely. Specifically, the Court noted, a § 2255 motion generally must be filed within one year of the date when a conviction becomes "final." 28 U.S.C. § 2255(f)(1). And in a case where a defendant has sought *certiorari*, his conviction becomes "final" when the Supreme Court denies *certiorari*—not when the Supreme Court denies a motion for rehearing. *Rosa v. United States*, 785 F.3d 856, 857 (2d Cir. 2015). Thus, because Skvarla filed his § 2255 motion more than one year after the Supreme Court denied *certiorari*, the Court directed Skvarla to show cause why his § 2255 motion should not be dismissed as untimely. Skvarla has filed a response.

Skvarla dedicates the majority of his response to arguing that the Second Circuit's decision in *Rosa v. United States*, 785 F.3d 856 (2d Cir. 2015), was wrongly decided. (*Rosa* held that a conviction becomes "final" for purposes of 28 U.S.C. § 2255(f)(1) when the Supreme Court denies *certiorari*, and not when the Supreme Court denies rehearing. *See id.* at 857.) The Court, of course, may not disregard binding appellate precedent. *Rosa* therefore requires that Skvarla's § 2255 motion be dismissed as untimely.

---

[1] Filings by *pro se* prisoners are governed by the so-called prison mailbox rule, which states that a prisoner's legal papers "should be deemed filed from the time a prisoner delivers [them] to prison authorities for forwarding to the district court." *Fernandez v. Astrue*, 402 F.3d 111, 113 (2d Cir. 2005). *See also* Rule 3(d) of Rules Governing Section 2255 Proceedings in United States District Courts. In this case, the Court assumes that Skvarla's filing date is the date he signed his § 2255 motion. *See* Docket No. 142 at 13; *Johnson v. Coombe*, 156 F. Supp. 2d 273 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, absent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.") (quotation marks and brackets omitted).

Likely recognizing this, Skvarla also argues that § 2255(f)'s one-year limitations period should be equitably tolled in his case. To be entitled to equitable tolling, "a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Rivera v. United States*, 448 Fed. App'x 145, 146 (2d Cir. 2011) (quotation marks omitted). A petitioner must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Skvarla argues that he reasonably misunderstood the deadline for filing a § 2255 motion, and that he diligently filed his § 2255 motion within one year of the Supreme Court's denial of rehearing. *See* Docket No. 147 ¶ 21. Skvarla also argues that, in moving for rehearing before the Supreme Court, he certified "that the rehearing petition was not filed for purposes of delay," *id.* ¶ 24, which gave him a "justifiable . . . belief that a petition for rehearing filed with the Supreme Court created delay, making it necessary that he certify that creating such delay was not his purpose in filing it." *Id.*

"Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). This is because a mistake of law is not something that "st[an]d[s] in [a litigant's] way and prevent[s] timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted). In other words, a mistake of law is not something "beyond [the litigant's] control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (interpreting *Holland* to resolve question about timely filing of contract dispute). To the contrary, a mistake of law is entirely *within* the litigant's control. Thus,

3

Skvarla's purported misunderstanding of § 2255's limitations period does not rise to the level a "rare and exceptional circumstance" that would justify equitable tolling in this case. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (quotation marks and brackets omitted). *Cf. Rudas v. Treanor*, 522 F. App'x 76, 77 (2d Cir. 2013) (declining to equitably toll limitations period for *Bivens* action because "neither [plaintiff's] pro se status nor his professed ignorance of the law demonstrate 'rare and exceptional circumstances' warranting equitable tolling") (citing *Smith*, 208 F.3d at 18 (brackets omitted)).

And even if a reasonable misunderstanding of the law *might* entitle a *pro se* petitioner to the benefit of equitable tolling, Skvarla cannot claim that his misunderstanding in this case was reasonable. The Second Circuit's holding in *Rosa* leaves no room for interpretation: It unequivocally held that § 2255(f)(1)'s limitations period "runs from the denial of certiorari, not from the denial of rehearing of the certiorari petition." 785 F.3d at 857. Further, *Rosa* has been the law in the Second Circuit since May 2015—nearly two years before the Supreme Court denied *certiorari* in this case—and prior to that, eight other courts of appeals had held that § 2255(f)(1)'s limitations period runs from the denial of *certiorari*, and not from the denial of rehearing. *See id.* at 857 (collecting cases). Skvarla cannot argue that any misunderstanding of § 2255(f)(1)'s limitations period in this case was reasonable.

Thus, Skvarla has not shown that an "extraordinary circumstance stood in his way" to prevent him from filing a timely § 2255 motion. *Holland*, 560 U.S. at 649 (quotation marks omitted). His § 2255 motion is therefore dismissed as untimely.

**CONCLUSION**

For the reasons stated above, Skvarla's § 2255 petition (Docket No. 142) is dismissed. Pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Skvarla has not shown "that jurists of reason would find it debatable whether the . . . [C]ourt was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Skvarla is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 18-CV-6241-A.

**SO ORDERED.**

Dated: June 19, 2018                          *s/Richard J. Arcara*
    Buffalo, New York               HONORABLE RICHARD J. ARCARA
                                                     UNITED STATES DISTRICT JUDGE